UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANH QUACH, | Case No.: 5:13-CV-00467-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| BANK OF AMERICA, N.A., ET AL., | **[Re: Docket Item No. 10]** |
| Defendants. | |

Presently before the Court in this mortgage foreclosure action is Defendants Bank of America, N.A. ("Bank of America"), the Bank of New York, Recontrust Company, Inc. ("Recontrust"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Defendants") Motion to Dismiss Plaintiff Anh Quach's ("Ms. Quach") Complaint. Docket Item No. 10. The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having fully reviewed the parties' briefing, and for the following reasons, the Court GRANTS Defendants' motion.

**I. Background**

**A. Factual Background**

Ms. Anh Quach is the successor-in-interest to her now-deceased spouse, Mr. Thanh N. Kim. Compl. ¶ 3. On May 17, 2006, Mr. Kim signed a Deed of Trust, putting a lien on his property ("the property" or "Ms. Quach's property") at 1110 Alvernaz Drive, San Jose, California

1

Case No.: 5:13-CV-00467-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

95121-2502, in order to secure a promissory note with America's Wholesale Lender. Compl. ¶ 10, Ex. B. On June 6, 2006, the Deed of Trust was recorded with the Santa Clara County Recorder's Office. Compl. ¶ 10, Ex. B. The Deed of Trust named MERS as the beneficiary and nominee for America's Wholesale Lender. Id. The Deed of Trust grants the lender the power to foreclose on and sell Ms. Quach's property if the mortgage goes unpaid. Compl. Ex. B.

On June 30, 2006, America's Wholesale Lender securitized and sold the promissory note to the CWALT Series 2006-OA11 Trust. Compl. ¶ 10, Ex. C at 21. Ms. Quach alleges that this action occurred in breach of the Pooling and Servicing Agreement for the trust, and that the Bank of New York is the assignee of the beneficial interest as trustee for the securitized trust. Compl. ¶ 11, Ex. C at 23, 37-38. Bank of America collected mortgage payments as servicer to the loan securitizing the Deed of Trust. Compl. ¶ 13.

On June 24, 2011, MERS recorded an Assignment of the Deed of Trust in Santa Clara County, conveying its interest in Ms. Quach's property to the Bank of New York, as trustee of the CWALT Series 2006-OA11 Trust. Compl. ¶ 23. Ms. Quach asserts that Alice Rowe served as the signer of record for MERS, but that Ms. Rowe is a so-called "robo-signer," employed with Bank of America who does not actually have the authority to sign for MERS. Id.

On March 13, 2012, Recontrust, purporting to act as agent of the Bank of New York, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") in Santa Clara County against Ms. Quach's property. See Compl. Ex. E. Ms. Quach asserts that the Notice of Default was signed by Martha Casillas without the requisite authority. Compl. ¶ 27, Ex. E. The Notice of Default is accompanied by a California declaration of compliance, signed by Mark Alexander. Id. Ms. Quach identifies him as another "robo-signer," who signed this document without the required authority. Id.

Thereafter, Recontrust issued a Notice of Trustee's Sale, setting a sale date for Ms. Quach's property of January 9, 2013. Compl., Ex. F. Defendants assert that the property has not yet been sold; Ms. Quach does not allege that her property has been sold. Def.'s Mot. to Dismiss at 22; see generally Compl.

Case No.: 5:13-CV-00467-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

### B. Procedural History

On January 3, 2013, Ms. Quach filed a complaint in California Superior Court in Santa Clara County, alleging eight causes of action including breaches of express and implied agreements, slander of title, and wrongful foreclosure, as well as violations of California Civil Code section 2923.5, the federal Truth in Lending Act ("TILA," 15 U.S.C. § 1601, et seq.), the federal Racketeer Influenced and Corrupt Organizations Act ("RICO," 18 U.S.C. § 1961, et seq.), and California's unfair competition law (Cal. Bus. & Prof. Code § 17200). On February 4, 2013, the action was removed to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Docket Item No. 1. On February 11, 2013, Defendants filed a motion to dismiss as to all causes of action. Docket Item No. 10. The Court now turns to the substance of that motion.

## II. Legal Standard

A complaint must contain a statement of the court's basis for jurisdiction, a short and plain statement that the complainant is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). A claim may be attacked by a motion to dismiss if it fails to demonstrate the subject-matter jurisdiction of the court or fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(1), 12(b)(6). At the motion to dismiss stage, the court must read and construe the complaint in the light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, in order to give a defendant "fair notice of what the … claim is and grounds upon which it rests," a plaintiff must plead each claim with sufficient specificity. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). Therefore, dismissal is appropriate when the claim lacks a legally cognizable theory or fails to allege sufficient facts in support of a legally cognizable theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). While a court will generally accept as true all well-pled factual allegations, it need not accept as true legal conclusions "couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (citing Twombly, 550 U.S. at 555). Factual allegations also must be plausible on their face and more than merely speculative. Twombly, 550 U.S. at 556-57. Determining the plausibility of a claim is a "context-specific task,"

3
Case No.: 5:13-CV-00467-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

which requires a court to draw on "judicial experience and common sense." Iqbal, 556 U.S. at 679. At the same time, a complaint need not contain detailed factual allegations to survive a motion to dismiss. Twombly, 550 U.S. at 555.

### III. Discussion

The present Complaint contains two causes of action invoking the original jurisdiction of this Court: the Sixth Cause of Action for violation of TILA and the Seventh Cause of Action for violation of the federal RICO Act. Neither claim can be maintained.

**A. Quach's Sixth Cause of Action: Violation of TILA (15 U.S.C. § 1601, et seq.)**

Though Ms. Quach alleges violation of TILA in her Complaint, she does not address Defendants' arguments in her responsive pleadings. See generally Pl.'s Opp'n to Def.'s Mot. to Dismiss. To the extent that she maintains this claim, however, this cause of action is barred by the applicable statutes of limitations.

The purpose of TILA is to provide borrowers with ready access to understandable, accurate loan information so that they can avoid assuming undesired financial risks. 15 U.S.C. § 1601(a). TILA has the intended collateral benefit of improving competition in the lending markets by allowing consumers an easy means for comparing credit products side-by-side. Id. TILA accomplishes these ends by forcing lenders to disclose certain standard information about offered loans. See, e.g., 15 U.S.C. §§ 1631-1639h (discussing loan disclosure requirements). Ms. Quach alleges that Defendants violated TILA by failing to provide her with "accurate material disclosures required under TILA and not taking into account the intent of the . . . Legislature in approving [this] statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language . . . that they can understand and comprehend." Compl. ¶ 66. She requests damages—including statutory and punitive damages—as well as equitable restitution and disgorgement of profits obtained by Defendants. Compl. ¶¶ 69-71.

Such an action seeking redress for TILA violations is subject to TILA's distinct statutes of limitations. See id. §§ 1635(f), 1640(e). Ordinarily, for an action pursuing damages, a plaintiff must bring suit within one year of the signing of the loan documents. Id. § 1640(e); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Similarly, an action seeking

4

rescission must be filed within three years of the same date and is not subject to equitable tolling. 15 U.S.C. § 1635(f); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (disallowing equitable tolling for TILA rescission claims). By Ms. Quach's admission, her husband and predecessor-in-interest, Mr. Kim, signed the relevant Deed of Trust and accompanying promissory note on May 17, 2006. Compl. ¶ 10, Ex. B. In order to timely bring an action under TILA for damages, she should have filed a complaint for TILA violations against Defendants by the same date in 2007. In order to seek rescission in this case, she should have filed suit in 2009. Ms. Quach's original complaint, filed in Santa Clara County Superior Court, is dated January 3, 2013. This action therefore comes several years too late: TILA's statute of limitations absolutely bars any claim for rescission and presumptively bars claims for damages. 15 U.S.C. §§ 1635(f), 1640(e); Ocwen, 523 U.S. at 412.

The Complaint does contain assertions that Defendants' failure to provide required TILA disclosures and "violations of prohibitions regarding high-rate, high-fee loans" tolls the relevant statutes of limitations. Compl. ¶ 67. This claim misstates the law—the mere existence of TILA violations does not support equitable tolling of TILA's statutes of limitations. Garcia v. Wachovia Mortg. Co., 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009). Rather, "[e]quitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." O'Donnell v. Vencor Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) (internal quotations omitted). The Complaint contains no allegations that Ms. Quach pursued judicial remedies during the statutory period or that Defendants tricked her into allowing the filing deadline to pass. See generally Compl. Ms. Quach submits no opposition to Defendants' argument on this point (see generally Pl's Opp'n to Def.'s Mot. to Dismiss). This lack of factual allegation and opposition demonstrates that amendment here would be futile. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) (providing standard for determining futility of amendment).

The Court therefore finds that TILA's statutes of limitations bar Ms. Quach's TILA claims, that the Complaint contains insufficient factual allegations in support of equitable tolling, and that

5
Case No.: 5:13-CV-00467-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

amendment would be futile. Accordingly, the Court GRANTS Defendant's Motion to Dismiss as to the Sixth Cause of Action WITHOUT LEAVE TO AMEND.

### B. The Seventh Cause of Action: Violation of RICO Act (18 U.S.C. § 1961, et seq.)

The federal RICO Act creates civil liability for engaging in a pattern of racketeering. 18 U.S.C. § 1962(c). Under RICO a plaintiff must sufficiently allege the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to his or her business or property. Id. §§ 1964, 1962(c); Sedima, SPRL v. Imrex, Co., 473 U.S. 479, 496 (1985); Grimmet v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). The fourth element, "racketeering activity," consists of a list of so-called "predicate acts" enumerated in 18 U.S.C. § 1961(1). Grimmet, 75 F.3d at 510. A complaint founded on a violation of the RICO Act must expressly identify the acts which constitute such "predicate acts." Pineda v. Saxon Mortg. Servs., No. SACV 08-1187 JVS (ANx), 2008 WL 5187813 (C.D. Cal. Dec. 10, 2008). Because of RICO's quasi-criminal nature, courts are encouraged to root out improper RICO allegations at early stages of litigation. See Wagh v. Metris Direct, Inc., 348 F.3d 1102, 1108 (9th Cir. 2003).

Here, Ms. Quach's Complaint notably lacks any factual allegation satisfying the "enterprise" element. Compl. ¶¶ 72-78. She similarly does not clarify which Defendant allegedly performed which actions that might constitute a RICO violation, leaving Defendants without "fair notice of what the … claim is and [the] grounds upon which it rests." Twombly, 550 U.S. at 555. This lack of notice would be sufficient to dismiss this cause of action under Federal Rule of Civil Procedure 8.

However, the analysis does not end here because Ms. Quach alleges that the predicate acts in this case constitute fraud. Compl. ¶ 74. Such an allegation of fraud triggers the heightened pleading standard of Federal Rule of Civil Procedure 9(b) (requiring fraud to be pled with factual particularity). See Moore v. Kayport Package Express, Inc., 885 F.3d 531, 541 (9th Cir. 1989). Ms. Quach alleges that the fraudulent acts here include "bringing suit on behalf of entities which are not the real parties in interest," and "concealing the parties' lack of standing in . . . complaints for foreclosure," as well as the drafting of fraudulent or forged affidavits. Compl. ¶ 74. Rather than pleading facts with particularity as required by Rule 9(b), the Complaint contains the

6
Case No.: 5:13-CV-00467-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

allegation that Defendants "intentionally participated in a scheme to defraud <u>everyone</u>" by sending "fraudulent affidavits, assignments and pleadings to the clerks of court, judges, attorneys, and defendants in foreclosure cases." Compl. ¶¶ 74-75 (emphasis added). Ms. Quach's opposition does nothing to remedy this problem. Instead, it contains a number of claims citing individuals and organizations that are not parties to this action, and stating that the "Defendants' demurrer . . . should be overruled." <u>See</u> Pl's Opp'n to Def.'s Mot. to Dismiss at 14-15 (naming an unknown entity, called "Auora," and citing various exhibits with page numbers that in no way match those submitted with the Complaint).

This cause of action and the insufficiency of the factual pleading here are strikingly similar to other RICO claims encountered by this and sister courts in complaints challenging foreclosure. <u>See, e.g.</u>, <u>Hoang v. JPMorgan Chase Bank</u>, N.A., No. 5:13–CV–00582 EJD, 2013 WL 1436125 (N.D. Cal. April 9, 2013); <u>Zacharias v. JPMorgan Chase Bank</u>, N.A., No. 12–06525 SC, 2013 WL 588757 (N.D. Cal. Feb., 13, 2013); <u>Johnson v. Wachovia Bank FSB</u>, No. 2:10-CV-2839 GEB, 2012 WL 4092426, *1 n.2 (E.D. Cal. Sept. 17, 2012); <u>Pineda</u>, 2008 WL 5187813. The Court adopts the reasoning behind these orders, and finds that the Complaint's allegations are far from plausible. In particular, Ms. Quach has put forward no facts supporting her "sweeping contention that Defendants defrauded 'everyone'" by bringing suit on behalf of entities without standing to sue. <u>Zacharias</u>, 2013 WL 588757, at *3.[1] Indeed, it appears implausible that she could provide such facts. Absent these required factual allegations, the Complaint "attempt[s] to cast a straightforward foreclosure proceeding as a pattern of racketeering activity [and] is simply improper." <u>Id.</u>; <u>see also Miller</u>, 845 F.2d at 214 (noting that dismissal with prejudice is proper if the claim made is legally insufficient or amendment would be futile). Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to the Seventh Cause of Action WITHOUT LEAVE TO AMEND.

---

[1] Ms. Quach's sole factual allegation in support of the recordation of fraudulent assignments appears to lie in her contention that Alice Rowe, the individual who signed these instruments on behalf of MERS, was a "robo-signer," with no actual authority to sign for MERS. Compl. ¶ 23. She offers as evidence of the plausibility of this claim a number of documents bearing Ms. Rowe's signature and the assertion that these signatures differ. <u>Id.</u> Examination of the documents so submitted reveals this claim to be manifestly implausible because the signatures in question clearly belong to the same individual. <u>Compare</u> Compl., Ex. C at 40 <u>with</u> Compl., Ex. C at 41 <u>and with</u> Compl., Ex. C at 42.

7
Case No.: 5:13-CV-00467-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

### C. Supplemental Jurisdiction and the State Law Causes of Action

The Court's authority to decide this matter is premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331 (granting federal courts the authority to hear "cases and controversies" arising under the Constitution, laws, and treaties of the federal government). Of Ms. Quach's various causes of action, only the sixth, alleging violation of TILA, and the seventh, alleging violation of the RICO Act, find their foundation in federal laws. Because the Court dismisses these two causes of action with prejudice (see Discussion Parts III.A and III.B supra), no causes of action that invoke the original jurisdiction of this Court remain. The Court declines to exercise discretion to retain jurisdiction over the remaining state law causes of action. 28 U.S.C. § 1367(c) (permitting a court to decline supplemental jurisdiction over state law claims when it has dismissed those claims that invoke the court's original jurisdiction). Accordingly, the balance of the action will be REMANDED to the Superior Court in Santa Clara County.

### IV. Conclusion

For the foregoing reasons, the court GRANTS Defendants' Motion to Dismiss WITHOUT LEAVE TO AMEND as to the Sixth and Seventh Causes of Action. This case is REMANDED to the Superior Court in Santa Clara County.

The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 17, 2013

EDWARD J. DAVILA
United States District Judge